# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 04-00299-008 |
| | ) | See Civil Action 07-174 |
| WILLIAM PAYNE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This matter is before the Court on Motion to Vacate under 28 U.S.C. 2255 [461], filed by

Petitioner William Payne ("Petitioner") on November 19, 2007. On December 18, 2007, the

Government filed its Opposition to Defendant William Payne's Motion to Vacate under 28 U.S.C.

§ 2255.

## BACKGROUND

On September 22, 2006, Petitioner entered into a plea agreement with the Government, in

which he agreed to plea guilty to Count One in the Indictment, charging him with conspiracy to

distribute 100 grams or more of heroin. On December 22, 2006, the Court held a sentencing hearing,

at which Judge Thomas M. Hardiman sentenced Petitioner to 120 months imprisonment.

On February 12, 2007, Petitioner filed a Motion Under 28 U.S.C. 2255 to Vacate, Set Aside

or Correct Sentence by a Person in Federal Custody. (Docket No. 386). After the Court granted a

motion for extension of time within which to respond, on April 9, 2007, the Government filed its

Opposition to Defendant William Payne's Motion to Vacate Under 28 U.S.C. § 2255. (Docket No.

422). On May 21, 2007, Petitioner filed a Petitioner's Pro Se Motion to Supplement His Petition

Pursuant to 28 U.S.C. § 2255, (Docket No. 436), which the Court granted the next day. On July 17,

2007, Petitioner filed another Petitioner's Pro Se Motion Seeking Leave to Supplement his Pending § 2255. (Docket No. 448). On July 31, 2007, the Court entered an Order, dismissing without prejudice Petitioner's previously filed motion to vacate and supplements and ordered Petitioner to file one motion to vacate pursuant to 28 U.S.C. § 2255 on or before November 29, 2007. (Docket No. 454). On November 29, 2007, Petitioner filed the instant motion and the Government subsequently filed a response.[1]

In support of his motion to vacate, Petitioner offers three grounds: (1) defense counsel was ineffective for failing to file a notice of appeal as requested and promised in order to appeal the suppression hearing; (2) defense counsel was ineffective for failing to argue mitigating circumstances "which would [have] warrant[ed] a downward departure pursuant to 3553(a) and USSG 5k2.0," and (3) the new amendment to the crack Guidelines should apply to his case. Docket No. 461, at 4-5. The Court will address each ground, in turn.

### ANALYSIS

An ineffective assistance of counsel claim is evaluated under the two-step *Strickland* test which considers, first, whether counsel's performance was so deficient as to constitute a denial of counsel; and, if so, then, whether the alleged errors prejudiced the defendant by depriving him of a fair proceeding. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Generally, a district court must order an evidentiary hearing in a federal habeas case if a prisoner's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir.1992). But, if there is "no legally cognizable claim or the factual matters raised by the

---

[1]

In the Government's response filed on December 18, 2007, it incorporates its previous response, filed on April 9, 2007.

motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir.1980). If a hearing is not held, the district judge must accept the movant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984).

1.      *Ineffective assistance of counsel as to failure to file notice of appeal*

Petitioner asserts that his defense counsel was ineffective in failing to file an appeal from the denial of his Motion to Suppress Physical Evidence with Citations of Authority, filed on August 2, 2006, which Judge Hardiman denied for reasons stated on the record at the August 29, 2006 hearing. In support, Petitioner asserts that he "specifically requested and was told that the suppression hearing would be appealed," only to later learn through family members that defense counsel did not file an appeal. (Docket No. 461, at 4). In response, the Government argues that "the record is clear that [Petitioner] knowingly and intelligently relinquished his appeal rights pertaining to the denial of his suppression motion--in other words, his guilty plea resulted in a waiver of issues in his suppression hearing." (Docket No. 422, at 9). The Court agrees.

A plain review of the plea agreement in this matter demonstrates that Petitioner waived his right to take a direct appeal of his conviction, specifically agreeing to the following:

> [Petitioner] waives the right to take a direct appeal from his *conviction* or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:
>
> (a)      If the United States appeals from the sentence, [Petitioner] may take a direct appeal from the sentence.
>
> (b)      If (1) the sentence exceeds the applicable statutory

> limits set forth in the United States Code, or (2) the
> sentence unreasonably exceeds the guideline range
> determined by the Court under the Sentencing
> Guidelines, [Petitioner] may take a direct appeal from
> the sentence.

(Docket No. 298, at 2) (emphasis added).[2] The Court finds that neither exception delineated in the

plea agreement encompasses the relief requested from Petitioner, i.e., appeal of the Court's ruling

at his suppression hearing. In point of fact, the next paragraph specified that "[t]he foregoing

reservations of the right to appeal on the basis of specified issues do not include the right to raise

issues other than those specified." (Docket No. 298, at 2). Moreover, the transcript of the

September 22, 2006 change of plea hearing clearly indicates that Petitioner understood all aspects

of his plea agreement, in particular, his agreement to waive his right to appeal his sentence. (Docket

No. 405). In his motion, Petitioner does not argue that he entered the plea agreement unknowingly

or that he did not understand the waiver.[3] Therefore, based on review of the record, the Court finds

that Petitioner knowingly and voluntarily waived the right to appeal his suppression hearing and

Petitioner's counsel was not ineffective in failing to file an appeal. *See United States v. Parra*, Case

---

[2]

Petitioner further agreed to the following: "[Petitioner] further waives the right to file a motion to vacate sentence, under 28 U.S.C. 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." (Docket No. 298, at 2). *See also United States v. Murray*, 72 Fed. Appx. 353, 355 (6th Cir. 2003) (holding that in order to "reserve the right to appeal a pre-plea ruling when a defendant pleads guilty, the defendant must expressly do so in writing pursuant to *Fed. R. Crim. P. 11(a)(2)*") (emphasis in original).

[3]

*See Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986) (finding that defendant's plea was knowing and voluntary insofar as "he consented in open court to the terms of the plea agreement, he understood the consequences of his guilty plea, and he consciously chose to plead rather than go to trial"); *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.")

No. 00-6824, 2000 U.S. App. LEXIS 29328, at *3 (4th Cir. Nov. 16, 2000) (finding that district court properly concluded that defendant knowingly and voluntarily waived the right to appeal his sentence and counsel was not ineffective in failing to take an appeal, even where defendant asked him to do). Accordingly, the Court finds that an evidentiary hearing is not necessary because Petitioner does not raise a "legally cognizable claim." *See Costanzo*, 625 F.2d at 470.

2.      *Ineffective assistance of counsel as to failure to argue certain mitigating circumstances*

Petitioner asserts that his defense counsel was ineffective for failure to argue certain mitigating circumstances, specifically the fact that he "has no parents and took care of his mother who had cancer for ten years and being responsible for his only daughter and the 100 to 1 crack ratio." (Docket No. 461, at 4). Assuming *arguendo* that Petitioner's defense counsel failed to argue the purported mitigating circumstances, the Court finds that Petitioner has failed to demonstrate he was prejudiced by the same, i.e., that the presentation of said argument would have resulted in a different result. *See Strickland*, 466 U.S. 668 at 694 (holding that petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Moreover, as noted by the Government, the sentencing judge granted a motion for downward departure and imposed the minimum penalty possible, i.e., the 10-year statutory minimum. This Court will not disturb the sentencing judge's considered judgment.

3.      *Applicability of the 2007 Amendments to the U.S. Sentencing Guidelines*

Petitioner "contends that he was enhanced for a crack case and the new amendment to the crack guidelines should apply to his case." Docket No. 461, at 4. However, Petitioner pled guilty to conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, a Schedule I Controlled Substance, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B)(i). As the

instant matter does not involve "crack cocaine," the Court finds that the 2007 Amendments to the

U.S. Sentencing Guidelines do not apply.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Petitioner's Motion to Vacate under 28

U.S.C. 2255 [461].

_s/ Nora Barry Fischer_
Nora Barry Fischer
United States District Judge

Date:   April 7, 2008.

cc/ecf: Counsel of record

William Payne
Reg. No. 05269-087
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887